(15 Misc. Rep. 120.)

OLIFIERS v. BELMONT et al.

(Common Pleas of New York City and County, General Term. December 27, 1895.)

1. OFFICE AND OFFICER—PERSONAL LIABILITY—CONTRACTS.
   Members of the committee appointed, under Laws 1892, c. 331, to celebrate the four-hundredth anniversary of the discovery of America, if acting in good faith, do not render themselves personally liable by making, on behalf of the committee, a contract which is not binding on the committee because such members exceeded their powers. 33 N. Y. Supp. 275, affirmed.

2. COSTS—RIGHT TO RECOVER—SEPARATE DEFENDANTS.
   Where the liability of defendants, if any, was several, and they appeared by separate attorneys, and filed separate demurrers, costs were properly allowed each on sustaining of the demurrer.

Appeal from special term.

Action by Bartolemy J. Olifiers against Perry Belmont and others. From interlocutory judgments entered on orders sustaining demurrers interposed severally by defendants Belmont and Chandler to the complaint (33 N. Y. Supp. 275), plaintiff appeals. Affirmed.

Argued before DALY, C. J. and BISCHOFF and PRYOR, JJ.

John Brooks Leavitt, for appellant.
John M. Bowers and Charles N. Harris, for respondent Belmont.
H. V. N. Philip, for respondent Chandler.

BISCHOFF, J. As we view this case, there is little which may be added to the opinion delivered at special term upon the questions raised by the demurrers. The main and vital question was whether an individual acting under color of right as a public officer could be held personally to an action for damages resulting to a party accepting a contract proposed by such assumed officer, in the absence of any element of deceit, where, through the latter's mistake as to his powers,

the corporate body failed to become bound. The law is well settled that in such a case the principles governing the liability of a private agent do not apply, the primary reason being that the individual contracting for his personal gain should be required to determine the actual scope of the authority assumed by the officer, since the restrictions upon the authority are necessarily matter of publicity, and the rule is founded upon legitimate grounds of public policy. The plaintiff urges that these demurrants, had they acted in quorum of their committee, would then, and then only, have brought themselves within this rule; but as to that it may be said that, under the public statute in question, whether these individuals acted in quorum or not, the municipality—the ostensible principal—could not have been bound. Since the action taken by the defendants was, in so far as appears, under an honest mistake as to their public capacity, without an intention that there should be any personal liability, a cause of action is no more apparent upon this ground. The complaint is not framed as tendering issues ex delicto.

An appeal from the orders made at special term, allowing a bill of costs in the case of each demurrant, is also before us; but in view of the nature of the action, wherein such defendants would, if liable at all, be liable severally, the determination in this regard as to their diversity of interest was sufficiently justified, and the right to costs, since there was an appearance by separate attorneys, was properly upheld. Railroad Co. v. Burkard, 40 Hun, 625.

The judgments and orders appealed from are to be affirmed, with costs, with the usual leave as to amendment of the pleading. All concur.