### JERMYN v. HUNTER.

(Supreme Court, Appellate Division, First Department. April 8, 1904.)

1. FIXTURES—INSTALLATION OF HEATING PLANT—CONDITIONAL SALE TO CONTRACTOR—EFFECT.

A heating apparatus was sold to a contractor under contract with the owner of a building to install therein a heating plant. The contract of sale provided that the title should remain in the seller until it was fully paid for. The seller knew at the time of the sale that the articles were to be placed in a building of which the contractor was not the owner. There was nothing to show that the owner of the building did not intend to install the plant as a permanent fixture. The owner of the building had no knowledge of the conditional sale. Held, that the apparatus became a part of the realty, and could not be claimed by the seller on the contractor's failure to pay therefor.

2. REPLEVIN—DAMAGES FOR DEPRECIATION—PLEADING.

In an action to recover possession of goods, damages for the depreciation in the value of the goods are not recoverable unless pleaded.

---

¶ 2. See Replevin, vol. 42, Cent. Dig. §§ 224, 307.

Appeal from Trial Term, New York County.

Action by Walter M. Jermyn against William C. Hunter. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Benjamin N. Cardozo, for appellant.

A. S. Gilbert, for respondent.

HATCH, J. This action was brought to recover possession of a steam boiler 54 inches in diameter by 12 feet in length, one hot-water boiler 3 feet in diameter by 10 feet in length, and one Oswego hot-water heater. It was shown upon the trial that the plaintiff sold the articles in question to the firm of Coons & Wilson, who had a contract with the owner for putting in the heating apparatus in a building, then under process of construction, located on the north side of 124th street, just east of Broadway. The contract of sale was executed in duplicate, and provided that the title to the property should remain in the vendor until the articles were fully paid for. It was known to the plaintiff at the time of the execution of these contracts that the property was to be placed in this building, and that the vendees were not the owners thereof. The boiler was placed in the air shaft upon a foundation constructed for that purpose, and was bricked up on both sides, but was not connected with or attached to the walls. It could be removed by tearing away this brickwork and taking it out through the court into the street. This would not have required the removal of any part of the main walls of the building, but it would necessitate the removal of a portion of the retaining wall in front of the doors large enough for working room and a portion of the sidewalk. These retaining walls were not connected with the building itself. The hot-water boiler could be taken out by removing the thickness of one brick on each side of the opening leading out of the cellar, and the heater could have been taken out by removing the jambs on each side of the doorway through which it would have to pass. The real property wherein these boilers and the heater were located was sold to the defendant under a judgment of foreclosure and sale under a mortgage, and was bid in with the heating apparatus, fully installed, and with no knowledge upon the part of the purchaser of the conditional sale, or that the plaintiff had any claims upon the property here sought to be replevied. No motion was made by the defendant for a dismissal of the complaint at the close of the plaintiff's case, but at the close of the entire case the defendant moved for the direction of a verdict in his favor upon the ground, among others, that the articles in controversy were fixtures, had become a part of the realty, and that title thereto could not be claimed by the plaintiff as against a purchaser for value and in good faith. This motion the court denied, and submitted the question of fact to the jury as to whether the property in question had become fixtures, and the jury found a verdict in favor of the plaintiff for the return of the property and for damages in the sum of $760.32, being the difference in value of the property when installed and the value of the property at the

time of the trial. From the judgment entered upon such verdict, and from the order denying the defendant's motion for a new trial, this appeal is taken.

By undisputed evidence we think that it is established that the property sought to be recovered was at the time of the commencement of this action real property. It was procured for the purpose of being placed in the building then in process of erection as a necessary and permanent adjunct to it. Its purpose was to supply the building with heat, which was necessarily essential to the use and occupation of the building, and as much required in its use as was light and access. The boilers and the attendant appurtenance were placed in a boiler room provided for their reception, were bricked in, and occupied the space they were intended to occupy as permanent fixtures. There is nothing to show but that the owner of the building intended to install the boiler and appurtenance as a permanent accession to the realty. In the absence of any expression of intention upon his part, it follows as a legal conclusion from the character of the property, the place provided for its installation, and the necessity of the use of the same in connection with the occupation of the building, that the appurtenance was intended to and became a permanent part of the realty as much as the windows, doors, and mantels. This condition effected a union of the three requisites which the Court of Appeals has adopted as a rule for determining when the accession to the realty becomes a permanent fixture. There was the actual annexation to the appurtenant of the realty. There was purpose to use the fixtures in connection with the realty to which it was attached, and, in the absence of proof, these two conditions furnish controlling evidence that the owner intended to make them a permanent accession to the real property. The case comes, therefore, within the definition announced in Potter v. Cromwell, 40 N. Y. 287, 100 Am. Dec. 485, and approved in McRea v. Central National Bank of Troy, 66 N. Y. 489. In the absence of any agreement upon the part of the owner that the articles should remain personal property, or of such notice to him as would authorize an inference of his acquiescence in their remaining personal property, they became part of the realty. It is not contended that the owner had any notice of the conditional sale which was effected by the agreement between the plaintiff and Coons & Wilson, or that he in any wise assented to the title to the property remaining in the plaintiff after its installation in the building. The contract with the owner provided for the installation of the heating apparatus for the purpose of permanent use in connection with the building, and of this fact the plaintiff had notice. There was, therefore, nothing in the case upon which to predicate any assent of the owner that the permanent accession to the realty should continue to be and remain personal property. The conditions were such that these annexations to the realty remained, as between mortgagor and mortgagee and vendor and vendee, real property, and there is nothing which appeared in the case which calls for the application of any other rule.

We do not overlook the fact that fixtures annexed to real property in such form that they would pass as real property under a deed may, nevertheless, by agreement between the owner and the person install-

ing the fixtures, or the vendor of the same, continue to remain personal property. Such are the cases of Ford v. Cobb, 20 N. Y. 344, Tifft v. Horton, 53 N. Y. 377, 13 Am. Rep. 537, and other cases cited and relied upon by the respondent. These cases are without application for the reason that here there was no agreement between the vendor and the owner of the property, nor did the owner have any notice of any conditional sale of the articles in question. It has been held—and, we think, correctly—that the annexation of fixtures to the realty in such form that they would become a part of the same, under an agreement between the vendee in possession of the property under a contract of purchase and a vendor of the fixtures that they should remain personal property until paid for, does not save them from becoming a part of the realty as to the vendor of the same who subsequently regains possession of the premises after the vendee has defaulted in payment. Presiding Justice McLennan of the Fourth Department, in a satisfactory opinion, in which he reviews all of the principal authorities relied upon by the respondent, conclusively establishes the soundness of such rule. Andrews v. Powers, 66 App. Div. 216, 72 N. Y. Supp. 597. This case is much stronger for the defendant, for here the agreement was not made with the owner of the property, or with any person having authority to bind the owner. This contract was made between the vendor of the articles and the contractor, with whom the owner had contracted to install the property in his building as a necessary and essential adjunct to its beneficial use and enjoyment. It is clear to our minds that the doctrine which makes permanent fixtures personal property as between the owner and the vendor of the same until such time as they are paid for ought not to be permitted to find application as between a vendor of the chattel and a contractor with the owner, who has agreed to erect for such owner a building. It is evident that, if such rule should be upheld, the owner of a building would be placed in a very precarious position. He might fulfill his contract to the letter, and pay his contractor for every article which went into the building, and, having fully paid therefor, find that he did not own it, and be compelled either to pay again or submit to a dismantling of the entire structure, and, in addition, be mulcted in damages. Under such a rule it is quite possible to work all of this mischief, and this without notice to the owner, or knowledge upon his part in any form, of the existence of such a contract. A bare statement of the results which might flow from such a holding makes manifest its impropriety. If vendors of personal property seek to make a conditional sale, they should be required to deal with the owner of the property, and not alone with the contractor without notice to the owner. Unless they do, there is no justification for imposing an incumbrance upon the building without the owner's knowledge or consent. The lien laws of the state furnish adequate protection for vendors of chattels which enter into the construction of realty. These rights and remedies have been adopted for the protection of vendor, contractor, and owner, and should be held sufficient in remedy. An attempt to make application of the doctrine which obtains between a vendor and owner may easily lead to the perpetration of a gross wrong upon the owner, and the incongruity is so apparent as to call

for its instant rejection. The sale of the property at the foreclosure carried with it the title to these fixtures, and the defendant, as purchaser at the sale, acquired good title. It necessarily follows that no cause of action was established in favor of the plaintiff, and the motion to direct a verdict in favor of the defendant, made at the close of the case, should have been granted.

We are also of opinion that it was error to permit the plaintiff to recover damages for the depreciation in value of the boilers, as such damages were not pleaded in the complaint. It is not necessary that we set out our reasons therefor, as upon the main question we think there can be no recovery.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.