(110 App. Div. 770.)

MILICIE v. PEARSON.

(Supreme Court, Appellate Division, Second Department. January 26, 1906.)

1. SALES—CONDITIONAL SALES—LIENS—LIABILITY OF THIRD PERSON.
    Where plaintiff, with knowledge that defendant's store was being fitted up under a contract, agreed with the contractor to furnish the fixtures for such store, to be delivered to defendant under the contract, and knew that title thereto was to pass to defendant, he could not retain a lien on such fixtures; and it was immaterial whether defendant had notice, actual or constructive, before he paid the contractor, of the latter's agreement with plaintiff that title to the fixures should not pass until payment of the purchase price.

2. SAME—WAIVER.
    Where plaintiff, after furnishing fixtures to a contractor, to enable the latter to place them in defendant's store under a contract, wrote defendant, requesting him to pay the contractor, so that plaintiff could collect of the latter, this was a waiver of any ownership or lien plaintiff had in or on the fixtures.

Appeal from Trial Term, Kings County.

Action by Baldassare Milicie against Charles P. Pearson. Judgment for defendant, and plaintiff appeals. Affirmed.

The defendant was a tenant of a store, and made a contract with Sielke & Co. for them to fit it up, and put trade fixtures in it, for a retail tailoring establishment.

Sielke & Co. afterwards, viz., on March 7th, made a contract with Rieser (plaintiff's assignor) to do part of their contract, viz., to put in wall cases, shelves, an arch, a partition with seats in it for customers. dressing rooms, a storage room with a roof over it, a cashier's office, a partition with mirrors, a mezzanine floor for a bushelman and for ironing and pressing, etc. They were attached to the walls and floor, but could be detached and removed as trade fixtures.

This contract provided that title to the said fixtures should remain in Rieser until Sielke & Co. should pay him the contract price therefor in full.

Rieser knew when he made his contract with Sielke & Co. of their contract with the defendant. He put his men in the store, and began to put in the fixtures on May 2d, and finished in or before August.

On May 19th Rieser filed his said contract with the register of the county of New York.

Sielke & Co. paid Rieser $750 of their contract price with him on May 6th, the whole price being $1,491.50.

On September 15th Rieser assigned the chattels to the plaintiff, who demanded them of the defendant, and on refusal brought this action.

On May 6th, which was after Rieser had put in a part of the fixtures, and before he filed his contract with the register, he informed the defendant, so he testifies, of his contract with Sielke & Co., by which he retained title until he was paid; but, later on, being recalled, he testified that the words he used were that he had a chattel mortgage.

On July 15th Rieser wrote to the defendant he would be glad if he would pay Sielke & Co., so that "we can collect our money."

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Paul Armitage, for appellant.

James B. Kilsheimer (George R. Dutton, on the brief), for respondent.

GAYNOR, J. The judgment should be affirmed. The plaintiff's assignor knew that Sielke & Co. had a contract with the defendant to fit up his store, and became contractor to them to do part of that contract, viz., put in the fixtures in question, which he did. The defendant had no contract with or obligation to him whatever; he had to pay and did pay his own contractors, Sielke & Co. The plaintiff's assignor knew of the defendant's contract with Sielke & Co. before he made his with them, and agreed with them to furnish the chattels to be delivered to the defendant under their contract. He could not retain title under such circumstances. He knew that title was to pass to the defendant. He furnished the chattels to Sielke & Co. to enable them to perform their contract, and part with title to the said chattels to the defendant, in order to get paid for them by him.

The researches of counsel have not discovered any case in point, but the case of Fitzgerald v. Fuller, 19 Hun, 180, may bear on the case, and the case of Kerby v. Clapp, 15 App. Div. 37, 44, 44 N. Y. Supp. 116, seems to be in point.

In the view taken of the case it is not necessary to decide whether the defendant had notice, actual or constructive, before he paid Sielke & Co., of the clause in the contract of the plaintiff's assignor with them that title should not pass to them until payment of the contract price. If he had it would make no difference. He knew that title was to pass from them to the defendant under their contract at once, in order that they might fulfill their contract and be paid therefor, and delivered the chattels to enable that to take place. For him to retain a lien on or ownership of the chattels would be antagonistic to this main purpose; they could not exist together.

After the bulk of the work or all of it had been done, the plaintiff's assignor wrote to the defendant requesting him to pay Sielke & Co. so that he could collect of them. If he had any ownership or lien, this was a waiver of it.

The judgment is affirmed.

Judgment affirmed, with costs. All concur.