COURTS—MUNICIPAL COURTS—PLEADING—AMENDMENT.
Under Municipal Court Act, Laws 1902, p. 1542, c. 580, § 166, providing that the court must allow a pleading to be amended at any time, if substantial justice will be promoted thereby, defendant, who had filed a verified answer, should, on motion, made the day set for trial, for judgment on the pleadings, on the ground that the answer did not deny the allegations of the complaint, have been allowed to amend.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Herbert L. and Harry J. Miles against John Kuttner. From a judgment for plaintiffs, defendant appeals.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Arthur Gutman, for appellant.
Adolph M. Schwarz, for respondents.

PER CURIAM.  Plaintiffs filed a verified complaint, and the defendant filed a verified answer herein.  The plaintiffs' attorney, on the day set for trial, moved for judgment on the pleadings, upon the ground that the answer did not deny the allegations of the complaint. The defendant thereupon moved to be allowed to amend the answer, which motion was denied, and judgment rendered in favor of the plaintiffs.  This was error.  The defendant should have been allowed to amend, if his answer was insufficient.  Municipal Court Act, Laws 1902, p. 1542, c. 580, § 166.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

———————————

FITZGIBBONS BOILER CO. v. MANHASSET REALTY CORPORATION.

(Supreme Court, Appellate Division, First Department.  May 8, 1908.)

FIXTURES—BONA FIDE PURCHASER—CONDITIONAL SALES.
Where property has been sold with full knowledge on the part of the seller that it was to be placed in a building so as to form part of the realty, a bona fide purchaser of the realty for value without notice obtains good title as against the conditional vendor; and where, under a contract providing that the title to certain steam-heating boilers should remain in the vendor until they were paid for, the boilers were installed in a building so that, while they could be moved on rollers, they could not be removed from the building without enlarging the doorways by cutting out the wall, or taking up the floor and hoisting the boilers to the story above, the purchaser of the building without notice of the vendor's claim for the purchase price of the boilers obtained good title as against the vendor.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Fixtures, §§ 44–46.]

Scott, J., dissenting.

Appeal from Trial Term, New York County.

Action by the Fitzgibbons Boiler Company against the Manhasset Realty Corporation. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

A. H. Gleason, for appellant.
Charles I. McBurney, for respondent.

HOUGHTON, J. The action is for conversion of certain steam-heating boilers installed as a part of the steam-heating plant of an apartment house in the city of New York. The premises were originally owned by one Noble, and the apartment was erected by him. During the course of its erection he contracted with one Kirk to supply the heating apparatus therefor. Kirk contracted with the plaintiff for certain boilers for the heating system of the building, on condition that title should remain in the vendor until they were paid for, and Noble knew of this conditional purchase. The conditional bill of sale was in writing, and was signed in duplicate, but never filed. Contracts of conditional sale of boilers, amongst other specified property, were not required to be filed according to the provisions of section 115 of the lien law (Laws 1897, p. 541, c. 418, as amended by Laws 1898, p. 1019, c. 354, repealed by Laws 1905, p. 1162, c. 503) in force at the time of the execution of the contract in question. The boilers were set on a concrete flooring, and the pipes from them were connected to the heating system of the building by the ordinary coupling. By disconnecting this coupling the boilers could be moved on rollers about the floor, but could not be removed from the building without enlarging the doorways by cutting out the wall, or taking up the floor and hoisting them to the story above. When Noble purchased he gave back a purchase-money mortgage to his grantor, one Butler, who assigned it to a third party. During the erection of the building a building loan mortgage of large amount was placed upon the property. Thereafter the original purchase-money mortgage was foreclosed, and Butler became the purchaser, and he deeded the property to the defendant, which, as well as Butler, was a bona fide purchaser for value, having no notice of plaintiff's claim. Kirk failed to pay the purchase price of the boilers, and the plaintiff demanded that they be returned to it, and upon refusal brought this action.

The nonsuit was proper, and in accordance with the uniform decisions of this court that, where personal property has been sold with full knowledge on the part of the seller that it is to be placed in a building in such manner as to form a part of the realty, a bona fide purchaser of the realty for value without notice obtains good title as against the conditional vendor. Jermyn v. Hunter, 93 App. Div. 175, 87 N. Y. Supp. 546; McMillan v. Leaman, 101 App. Div. 436, 91 N. Y. Supp. 1055; Kirk v. Crystal, 118 App. Div. 32, 103 N. Y. Supp. 17; McLean v. Griot, 118 App. Div. 100, 103 N. Y. Supp. 129; Henry Huber Co. v. New England Realty Co., 124 App. Div. ——, 109 N. Y. Supp. 1132 (Feb. Term, 1908). These decisions are in

conformity with that of the Fourth Department in Andrews v. Powers, 66 App. Div. 216, 72 N. Y. Supp. 597, and that of the Second Department in Milicie v. Pearson, 110 App. Div. 770, 97 N. Y. Supp. 431. Even though there may be found some expressions of the courts in Duntz v. Granger Brewing Co., 41 Misc. Rep. 177, 83 N. Y. Supp. 957, affirmed 184 N. Y. 595, 77 N. E. 1186, or in Davis v. Bliss, 187 N. Y. 77, 79 N. E. 851, 10 L. R. A. (N. S.) 458, seemingly to militate against this holding, still we feel impelled to adhere to our view on this particular proposition until instructed to the contrary by the court of last resort.

The judgment should be affirmed, with costs.

INGRAHAM, McLAUGHLIN, and LAUGHLIN, JJ., concur.

SCOTT, J. (dissenting). The plaintiff appeals from a judgment dismissing its complaint in an action for the conversion of certain boilers, used for heating purposes and contained in an apartment house owned by defendant. In March, 1900, the boilers were installed by plaintiff, by whom they had been sold to one Leonard Kirk under the usual conditional bill of sale, by which it was agreed that the title thereto should remain in the vendor until the boilers should be fully paid for. This was with the consent of the then owner of the property, one Noble, who knew that the boilers had been purchased and installed under a conditional bill of sale. The boilers are movable, and are in no way affixed to the realty, except that they are connected with the steam piping. The evidence shows that they can be disconnected, taken apart, and removed with some little trouble and expense, but without serious injury to the structure. They can be removed, and other boilers put in their places, without serious difficulty or inconvenience, except the temporary shutting off of heat from the building. When these boilers were installed the real property was owned by John W. Noble, Jr., and was subject to a building loan mortgage for $500,000, and to a purchase-money mortgage made by Noble to one Jacob D. Butler and by him assigned to a mortgage company. Nothing was advanced on this latter mortgage after the boilers were installed, but some $30,000 was thereafter advanced upon the building loan mortgage. The purchase-money mortgage was subsequently foreclosed, and the property purchased by Jacob D. Butler, subject to the building loan mortgage. The defendant acquired the property from Butler, and now holds it.

It is conceded that the necessary demand and refusal were made to establish conversion, if the boilers remained personal property and plaintiff is entitled to their possession. It is also conceded that they have not been paid for. In my opinion the boilers remained personal property, the title thereto remained in the vendors, and they are entitled to retake possession thereof. This subject was examined with much care in Tifft v. Horton, 53 N. Y. 377, 13 Am. Rep. 537. In that case the owner of real property had purchased an engine and boiler and had installed them in a building under construction by her. She had given for a portion of the purchase price her notes, secured by a chattel mortgage on the boilers and engine, in which it was

specifically provided that the boiler and engine should remain personal property until paid for, notwithstanding the manner in which they might be installed in the building, and empowered the vendors in case of nonpayment to retake the chattels. They were set up upon a foundation made for them, and a building was built over them after they had been set up. The defendants claimed title to the boiler and engine through certain mortgages, which had been executed before they were installed and had been subsequently foreclosed. It was said by Judge Folger, speaking for a unanimous court:

"It is well settled that chattels may be annexed to the real estate and still retain their character as personal property. Voorhees v. McGinnis, 48 N. Y. 278, and cases there cited. Of the various circumstances which may determine whether in any case this character is or is not retained, the intention with which they are annexed is one; and if the intention is that they shall not by annexation become part of the freehold as a general rule they will not. The limitation to this is, where the subject or mode of annexation is such that the attributes of personal property cannot be predicated of the thing in controversy (Ford v. Cobb, 20 N. Y. 344), as where the property could not be removed without practically destroying it, or where it or part of it is essential to the support of that to which it is attached."

It was further held that neither a prior nor a subsequent mortgagee could lay claim to the chattels, if the agreement and intention of the owner had been that they should retain their character as chattels; the court saying:

"The rights of a subsequent mortgagee are no greater than that of a subsequent grantee; and he, it is held, cannot claim the chattels thus annexed, and must seek his remedy for their removal by virtue of such an agreement upon the covenants in his conveyance of the lands. Mott v. Palmer, 1 N. Y. 564; Ford v. Cobb, supra. A prior mortgagee, who certainly has not been induced to enter into his relation to the lands by the presence thereon of the chattels in dispute, subsequently annexed thereto, has no greater right than a subsequent mortgagee. Neither could claim as subject to the lien of his mortgage personal property brought onto the premises with permission of the owner of the land and not at all affixed thereto. Nor can either claim personal property as so subject from the mere fact of the affixing, where by the express agreement of the owner of the fee and the owner of the chattel its character as personal property was not to be changed, but was to continue, and it was to be subject to a right of removal by the owner of the chattel on failure of the performance of conditions. The language of the authorities is that the chattel in such case is personal property, for which an action of trover for the conversion of it may be maintained."

This statement of the law has been steadfastly adhered to by the Court of Appeals in subsequent cases (Duntz v. Granger Brewing Co., 41 Misc. Rep. 177, 83 N. Y. Supp. 957, affirmed without opinion 184 N. Y. 595, 77 N. E. 1186; Davis v. Bliss, 187 N. Y. 77, 79 N. E. 851, 10 L. R. A. [N. S.] 458), and exactly fits the facts in the case at bar. The chattels were placed upon the premises under an agreement, known to and acquiesced in by the owner of the fee, that they should remain personal property and should belong to and be removable by the vendor, unless they should be fully paid for. They can be removed without injury to themselves or substantial injury to the building, to which they furnish no support. The defendant holds its title through a prior mortgage made before the installation of the chattels.

The cases in this department upon which defendant relies to sup-

port its judgment are all distinguishable. In McMillan v. Leaman, 101 App. Div. 436, 91 N. Y. Supp. 1055, the fixtures were installed before the making of the mortgages foreclosed, or one of them, and it is stated in the opinion that the conditional sale agreement had never been recorded as required by statute, and that neither the mortgagee nor the purchaser had had notice of the nature of the agreement. Furthermore, the plaintiff had attended the foreclosure sale, and it was considered that he should then have given notice of his ownership of the fixtures, and, not having done so, should be held to be estopped as against the purchaser or his vendee. In Jermyn v. Hunter, 93 App. Div. 175, 87 N. Y. Supp. 546, the conditional contract was between the vendor of the chattels and a contractor for the building, and the case turned upon the fact that the owner had no notice of the conditional sale, and had in no wise assented that the title to the property should remain in the vendor after installation. It was argued and held that the test as to whether or not the fixtures should retain their character of personal property after annexation to the realty was the intention and consent of the owner of the fee, and that in the absence of any agreement on his part that they should retain the character of chattels, or of such notice to him as would authorize an inference of his acquiescence, they became a part of the realty. In Kirk v. Crystal, 118 App. Div. 32, 103 N. Y. Supp. 17, the conditional contract had not been filed and indexed as required by chapter 698, p. 1696, Laws of 1904, and was not filed until after the defendant had purchased the property, and he had had no actual notice. · It also appeared that the vendor had filed a mechanic's lien against the property, which was deemed to be inconsistent with a claim of ownership therein.

The present plaintiff seems to have escaped all the rocks upon which the several plaintiffs in the foregoing cases were wrecked, and has brought itself safely within the decisions of the Court of Appeals. The lien law, in effect when the boilers were sold and the conditional agreement executed, in so far as related to the boilers for heating purposes, required only that duplicate conditional contracts should be executed, and one of them given to the purchaser, and it appeared that this was done. Laws 1897, p. 541, c. 418, § 115. Upon principle and authority, therefore, I am of the opinion that the plaintiff was entitled to recover, and that the judgment appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event.