JACOBS v. FEINSTEIN et al.

(Supreme Court, Appellate Division, Second Department. June 18, 1909.)

1. SALES (§ 473*)—CONDITIONAL SALES—LIEN—LIABILITY OF THIRD PERSON.

 Where ranges were sold to a plumber, with knowledge by the seller that they were to be placed in and connected to buildings in fulfillment of contracts held by the purchaser, the seller has no lien on them for the price, though the contract of sale provided that they should remain the property of the seller until paid for; such contract not being filed, and the owner of the buildings not knowing of the contract until he had paid the purchaser.

 [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1383, 1384; Dec. Dig. § 473.*]

2. COURTS (§ 189*)—MUNICIPAL COURTS—FORECLOSURE OF LIENS ON CHATTELS —MONEY JUDGMENT.

 Municipal Court Act (Laws 1902, p. 1533, c. 580) art. 4, § 141, providing for actions to foreclose liens on chattels, directs that the final judgment, if in favor of plaintiff, must specify the amount of the lien and direct a sale of the chattels to satisfy the same, and the application of the proceeds to the payment of the surplus, if any, to the owner of the chattels, and "if a defendant on whom the summons is personally served is liable for the amount of the lien, or any part thereof, it may also award payment accordingly." Held, that a money judgment for the price of a chattel

cannot be rendered, unless a judgment can also be rendered to foreclose a lien on the chattel.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.*]

3. COSTS (§ 91*)—PERSONS ENTITLED—SEVERAL DEFENDANTS.

Under Code Civ. Proc. § 3229, providing that defendant is entitled to costs on the rendition of final judgment unless plaintiff is entitled to costs, where each of several defendants, whose interests were not identical, appeared by different attorneys and succeeded, they are each entitled to costs.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 360, 361; Dec. Dig. § 91.*]

Appeal from Municipal Court of New York.

Action by Louis J. Jacobs against James Feinstein and others to foreclose a lien on chattels under Municipal Court Act (Laws 1902, p. 1532, c. 580) art. 4. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and MILLER, JJ.

Charles L. Apfel, for appellant.

Jacob L. Holtzmann and Thomas Sproull (Charles B. Law, on the brief), for respondents.

RICH, J. The defendant Morrison is a builder, and the owner of several vacant lots, upon which he purposed erecting houses. He contracted with his codefendants for the plumbing, including the furnishing and setting of a range in each of said buildings. The Feinsteins purchased of the plaintiff's assignors 26 ranges, under two separate contracts. Each of the two contracts under which the plaintiff's assignors sold and delivered the ranges to the Feinsteins contained a clause providing that the ranges should remain personal property and that the title thereto and ownership thereof should remain in the plaintiff's assignors until they were fully paid for. They were delivered at the several houses in process of erection and attached to the water pipes and hot water heaters. They were never paid for. The plaintiff's assignors knew when they contracted with the Feinsteins that the ranges were to be used by the latter in performing their plumbing contract with Morrison, and were to be placed in his houses. The contracts were not filed, and Morrison did not know of their existence until after he had performed his contract with the Feinsteins. Milicie v. Pearson, 110 App. Div. 770, 97 N. Y. Supp. 431, is decisive of the question presented by the judgment in favor of the defendant Morrison, and the judgment in his favor must be affirmed. See, also, Andrews v. Powers, 66 App. Div. 216, 72 N. Y. Supp. 597; Fitzgibbons Boiler Co. v. Manhasset Realty Corporation, 125 App. Div. 764, 110 N. Y. Supp. 225.

The plaintiff contends that the court erred in rendering a judgment in favor of the defendants Feinstein, because of the provisions of section 141 of the Municipal Court act (Laws 1902, p. 1533, c. 580), authorizing a money judgment in actions to foreclose a lien on per-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sonal property, in which the summons is personally served upon a defendant who is liable for the amount of the lien, or for any part thereof. The Municipal Court is a court of limited jurisdiction, possessing no powers except such as are conferred by statute. The authority to render judgment in favor of a plaintiff in actions of this character is given by section 141, art. 4, of the act creating it, which provides that the final judgment, if in favor of the plaintiff, must specify the amount of the lien and direct a sale of the chattels to satisfy the same by a marshal, and for the application by him of the proceeds, less his fees and expenses, to the payment of the amount of the lien, and that it must also provide for the payment of the surplus, if any, to the owner of the chattels. Then follows the clause upon which the appellant bases his contention:

"If a defendant upon whom the summons is personally served is liable for the amount of the lien, or for any part thereof, it may also award payment accordingly."

This section vests no power in the court to render a money judgment, unless it can render a judgment to foreclose the lien on the chattel, and plaintiff's contention in this respect cannot be sustained.

The only other question requiring consideration arises from the appellant's contention that the Municipal Court allowed two separate bills of costs to be taxed, one in favor of each defendant. There is nothing in the record showing affirmatively that this was done. The return of the clerk shows that judgment was rendered for the defendants for $60 costs. Assuming that this amount represents costs of $30 to each defendant, I think that upon the case presented such judgment was warranted. The interest of the defendant Morrison was not identical with that of his codefendants. Had plaintiff succeeded, he would have been entitled to a judgment against Morrison for the foreclosure of his lien, and against one or both of the other defendants for the value of the ranges. They appeared by different attorneys, who took part in the trial. Their answers were separate, and separate motions were made by their counsel to dismiss the complaint. The Municipal Court act provides for costs to the prevailing party if he shall have appeared by attorney who files a verified pleading. Section 3229 of the Code of Civil Procedure provides that a defendant is entitled to costs upon the rendition of final judgment, unless the plaintiff is entitled to costs, and a similar section (305) received a construction entitling each of several defendants, whose interests were not identical, who appeared by different attorneys, and succeeded, to costs. Del., Lack. & West. R. R. Co. v. Burkard, 40 Hun, 625; Olifiers v. Belmont, 15 Misc. Rep. 120, 36 N. Y. Supp. 813, and cases cited.

The judgment of the Municipal Court must be affirmed, with costs to both defendants. All concur.