(137 App. Div. 45.)

MECHANICS' & TRADERS' BANK v. BERGEN HEIGHTS REALTY
CORPORATION et al.

(Supreme Court, Appellate Division, Second Department.   March 31, 1910.)

1. FIXTURES (§ 22*)—HEATING AND COOKING RANGES—CONDITIONAL SALE—EF-
FECT.

It is a matter of common knowledge that heating and cooking ranges
form a part of the necessary and permanent equipment of a tenement
house, and that they are not ordinarily supplied by tenants; hence a mort-
gage given on a tenement includes the ranges, as part of the realty, though
the ranges were sold on conditional sale, the contract not being filed until
a month after the mortgage was given.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. § 57; Dec. Dig.
§ 22.*]

2 MORTGAGES (§ 146*)—EXTENT OF LIEN—ACCESSIONS.

The lien of a mortgage covers all that was realty when the mortgage
was accepted as security, and all accessions to the realty, except when by
a valid agreement to which the mortgagee is a party the character of chat-
tels is impressed upon the accessions.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 146.*]

Appeal from Kings County Court.

Action by the Mechanics' & Traders' Bank against the Bergen
Heights Realty Corporation and Howard R. and Franklin L. Shep-
pard.   Judgment for plaintiff, and defendants Sheppard appeal.   Af-
firmed.

Argued before WOODWARD, JENKS, BURR, THOMAS, and
RICH, JJ.

William R. Wilson, for appellants.

Edward Snyder, for respondent.

WOODWARD, J.   The defendants Sheppard appeal from a judg-
ment in favor of the plaintiff in an action to foreclose a real estate
mortgage.

In or about January, 1907, the defendant Bergen Heights Realty
Corporation was the owner of the mortgaged premises described in
the complaint, and at that time made a contract with one Sacks, by
the terms of which he was to cause to be installed in a certain tene-
ment house in course of construction on the premises 71 ranges for
heating and cooking purposes.   Sacks bought the ranges from the de-
fendants Sheppard under a contract providing that the title should re-
main in the vendors until the purchase price was paid.   The stoves
were installed in the tenement house in the following June, and Sacks
did not pay the purchase price in full.   Prior to that time, in May,
1907, the defendant corporation mortgaged the premises to secure the
payment of the sum of $10,000, and the plaintiff owns this mortgage
by assignment.   The defendants Sheppard contend that they are not
proper parties defendant in the foreclosure action;   that the ranges
did not become a part of the realty, for the reason that they were sold
to Sacks under a contract of conditional sale, which was duly filed, and
for the further reason that they were not annexed to the freehold in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

122 N.Y.S.—3

such manner as to become fixtures. They claim that the judgment operates to deprive them of their property without their consent, and without due process of law.

The ranges were placed upon the premises with the consent and at the request of the owner and mortgagor, who had no knowledge of the agreement between the contractor, Sacks, and the defendants Sheppard. The owner knew at the time the mortgage was given that the ranges were to be installed, and the contract of alleged conditional sale was not filed until a month later. The manager in charge of the office of the defendants Sheppard describes in this way the manner in which the ranges were placed in the tenement house:

"They are a portable range, connected with the flue with an elbow, connected with hot water boilers by a coupling to the water back, and a water back to the range. Then it comes down and connects with the coupling to the water back, then simply a round elbow that sets in the flue, portable, not bricked in any way. Just an ordinary drum elbow, no fastening whatever, just set into the flue hole, and these ranges were just a short distance from the wall, a couple of inches, not fastened to the floor, set on a concrete hearth. It could be disconnected by unscrewing this coupling and removing this elbow. That is the only coupling that it would be necessary to unscrew in order to take the ranges out."

It is a matter of common knowledge that heating and cooking ranges form a part of the necessary and permanent equipment of a tenement house, that they are not ordinarily supplied by tenants, and there is evidence in the record of such custom.

In Potter v. Cromwell, 40 N. Y. 287, 100 Am. Dec. 485, a certain portable gristmill was held to be a fixture which could not be taken from a purchaser at sheriff's sale under execution against the original owner of the premises where it was placed. The court said:

"In Crane v. Brigham, 11 N. J. Eq. 29, the Chancellor of New Jersey held that the permanency of the attachment 'does not depend so much upon the degree of physical force with which the thing is attached, as upon the motive and intention of the party in attaching it. If the article is attached for temporary use, with the intention of removing it, a mortgagee cannot interfere with its removal by the mortgagor. If it is placed there for the permanent improvement of the freehold, he may.' * * * The law upon this subject is very correctly and succinctly summed up in the case of Teaff v. Hewitt, 1 McCook's Ohio, 511, 529–530, where it was held that the true criterion of a fixture is the united application of three requisites: First. Actual annexation to the realty, or something appurtenant thereto. Second. Application to the use or purpose to which that part of the realty with which it is connected is appropriated. Third. The intention of the party making the annexation to make a permanent accession to the freehold."

The Cromwell Case was followed in Jermyn v. Hunter, 93 App. Div. 175, 87 N. Y. Supp. 546. This was an action to recover possession of a steam boiler and other parts of a heating apparatus, installed for the owner of certain real estate by his contractor, under circumstances similar to those in this case. A judgment in favor of the plaintiff was reversed. The discussion of the questions here involved in the opinion of Mr. Justice Hatch is directly applicable to the facts here presented, and it is necessary to quote only a few words in support of my conclusion that the judgment should be affirmed:

"If vendors of personal property seek to make a conditional sale, they should be required to deal with the owner of the property, and not alone with the

contractor without notice to the owner. Unless they do, there is no justification for imposing an incumbrance upon the building, without the owner's knowledge or consent. · The lien law of the state (Laws 1897, c. 418, art. 1, as amended) furnishes adequate protection for vendors of chattels which enter into the construction of realty. These rights and remedies have been adopted for the protection of the vendor, contractor, and owner, and should be held sufficient in remedy. An attempt to make application of the doctrine which obtains between a vendor and owner may easily lead to the perpetration of a gross wrong upon the owner and the incongruity is so apparent as to call for its instant rejection. The sale of the property at the foreclosure carried with it the title to these fixtures, and the defendant as purchaser at the sale acquired good title."

The lien of a mortgage covers all that was realty when the mortgage·was accepted as security, and all accessions to the realty, except when, by a valid agreement to which the mortgagee was a party, the character of chattels is impressed upon the accessions. McFadden v. Allen, 134 N. Y. 489, 32 N. E. 21, 19 L. R. A. 446. There was no such agreement in this case.

The judgment should be affirmed, with costs. All concur.

