CROCKER–WHEELER CO. v. GENESEE RECREATION. CO.

(Supreme Court, Special Term, Monroe County. December 29, 1911.)

1. FIXTURES (§ 22*)—CONDITIONAL SALES—NOTICE.
   The seller of electric generators attempted to reserve title in himself until payment, but did not file the contract as required by Personal Property Law (Consol. Laws 1909, c. 41) § 62, though having notice that the purchaser intended to install them as fixtures in a building which he was constructing for a third person. *Held* that, in the absence of notice of the reservation to the owner of the building, the reservation was not effective, this being so whether the seller be held estopped because standing by and permitting the material to be annexed to the building or

*For other cases see same, topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

whether the buyer be regarded as the bona fide purchaser protected by the statute.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. § 57; Dec. Dig. § 22.*]

2. SALES (§ 245*)—BONA FIDE PURCHASER.

Whether the owner of a building in which electric generators were installed was a bona fide purchaser is a question for the jury on the evidence.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 703; Dec. Dig. § 245.*]

3. FIXTURES (§ 20*)—MORTGAGEE OF LAND AND VENDOR OF CHATTEL.

The rights of mortgagees, both prior and subsequent, to fixtures placed upon the land, depend upon the rights of the owner of the land, and, where he is a purchaser in good faith, the real owner being estopped to claim the property, the mortgagees stand in his place.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. §§ 44–46; Dec. Dig. § 20.*]

4. FIXTURES (§ 22*)—CONDITIONAL SALES—BONA FIDE PURCHASERS.

Where the seller of personal property attempted to reserve title till full payment of the price, and, though knowing that it was purchased by a contractor to become a fixture in a building, failed to notify the owner of the building that the sale was conditional, and allowed the owner to make general payments on the contract, the title passed to the owner of the building, though the contractor had not been fully paid.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. § 57; Dec. Dig. § 22.*]

5. TROVER AND CONVERSION (§ 23*)—DEFENSES.

Proof that defendant had a lien upon personal property is a defense to an action for its unlawful detention, where there has been no tender of the amount of the lien.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 163–166; Dec. Dig. § 23.*]

6. FIXTURES (§ 18*)—FORECLOSURE—RIGHTS OF PURCHASERS.

Where a mortgagee was entitled to fixtures attached to mortgaged property, one purchasing at the foreclosure of his mortgage is also entitled to the fixtures, though knowing that the seller of the property had attempted to reserve title until full payment of the purchase price, part of which was still unpaid.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. §§ 32–41; Dec. Dig. § 18.*]

Action by the Crocker-Wheeler Company against the Genesee Recreation Company. Motion for new trial by defendant after verdict for plaintiff. New trial granted.

See, also, 140 App. Div. 726, 125 N. Y. Supp. 721.

Isaac Adler, for plaintiff.
Percival DeWitt Oviatt, for defendant.

SUTHERLAND, J. This case when first tried resulted in a nonsuit. The Appellate Division ordered a new trial. 140 App. Div. 726, 125 N. Y. Supp. 721. On the second trial a verdict was rendered by the jury in favor of the plaintiff for the return to the plaintiff of three electric generators, and the value of plaintiff's interest therein was fixed at $1,328 and interest. I am now convinced, after reviewing

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

the second trial, that the case was not submitted to the jury upon the proper theory, and that a third trial should be ordered.

The McDonell Company contracted with the Genesee Amusement Company to construct certain parts of a building to be erected on the real estate owned by said Amusement Company on South avenue in Rochester, and to furnish the materials needed for that part of the work. Among other things, the McDonell Company agreed to install the electrical generators for lighting the building, which were to be attached to engines in such manner as to make them permanent fixtures. The plaintiff contracted to sell the generators to the McDonell Company by conditional sale for $1,990, reserving title in the plaintiff until the purchase price should be fully paid. One-third of the price was paid by the McDonell Company, and the balance remains unpaid. The contract was not filed as required by the statute (Personal Property Law [Consol. Laws 1909, c. 41] § 62), in order to protect it as against a subsequent bona fide purchaser or mortgagee. It was not shown that the Amusement Company had notice of the reservation of title until a year after the generators were installed in its building.

In the contract between the McDonell Company and the Genesee Amusement Company, the contract price for doing the entire work was about $20,000. No separate figure was agreed to be paid for the furnishing and installing of the electrical generators. After the generators were installed, they failed to work satisfactorily, and negotiations were had between the Amusement Company, the McDonell Company, and the plaintiff looking toward the replacing of the generators or the remedying of the defects. As between the McDonell Company and the Amusement Company, it was finally stipulated that $1,500 should be retained by the Amusement Company out of the $20,000 total contract price for the entire work, pending the result of the attempts to remedy the defects in the generators. Then the Amusement Company went into bankruptcy. The premises were sold by the trustee to Wesp, Schlegel & Fredericks, who were among the organizers of the Genesee Recreation Company, a new corporation which later took title to the premises by conveyance from Wesp, Schlegel & Fredericks. Afterward a mortgage for $36,000, which had been given to Harold C. Kimball prior to the installation of the electric generators and assumed by the Amusement Company when it purchased the premises in the first instance, was foreclosed, and the premises were bid in at the sale for the benefit of the Genesee Recreation Company, the defendant in this action. Then this action was commenced to recover possession of the generators after demand therefor had been refused.

There was evidence that notice had been given to Mr. Wesp a year after the installation of the generators, but before the sale by the trustee in bankruptcy to Wesp, Schlegel & Fredericks of the reservation of title in the generators by the plaintiff in its contract of sale to the McDonell Company. Wesp denied that he had any such notice, but the jury found in favor of the plaintiff upon that point, and that at the time of the foreclosure sale the Recreation Company had notice of plaintiff's claim. Practically this was all that the jury had to decide,

under the charge of the court, in order to render a verdict for the plaintiff.

[1, 2] But there was another feature of the case which should either have resulted in a dismissal of the complaint or have been left to the jury. As stated above, there was no evidence that the Genesee Amusement Company, in October and November, 1907, when the generators were affixed to the building by the McDonell Company had consented that the title to the generators might be reserved by the plaintiff, nor that the Amusement Company had been notified of any such attempted reservation; and no such notice was shown until December, 1908, payments being made on the general contract meantime.

An endeavor was made to prove such notice by showing that in a conversation between the architect employed by the Amusement Company to supervise the construction of the building, and a representative of the plaintiff and a representative of the McDonell Company, prior to the signing of the contract between the McDonell Company and the plaintiff, the architect was notified that the Crocker-Wheeler Company was to reserve title in itself until the McDonell Company should pay for said generators.

This evidence was not received, the court being of the opinion that there was no adequate proof that the architect sustained such relation of agency toward the Genesee Amusement Company as to constitute notice to the architect notice to the Amusement Company of the proposed reservation of title in the plaintiff. But there is enough evidence in the case to show that the plaintiff knew that the McDonell Company was negotiating with the Amusement Company to attach the machines to its building as permanent fixtures.

Under those circumstances, the plaintiff could not expect to enforce its reservation of title in the generators as against the Amusement Company or a prior mortgagee of the premises, without notifying the Amusement Company of such reservation of title before they were annexed to the realty as a permanent adjunct and portion thereof, and before general payments were made upon the entire contract by the Amusement Company in ignorance of such reservation. This must be so, whether we place the disability of the plaintiff upon the ground of estoppel for standing by and permitting the contractor to install material in the building, the owner being thereby misled, or that by annexation the generators have become realty and not subject to replevin, or that the owner is to be regarded as a bona fide purchaser of the generators from the McDonell Company, and as such protected by the statute. Milicie v. Pearson, 110 App. Div. 770, 97 N. Y. Supp. 431; Jermyn v. Hunter, 93 App. Div. 175, 87 N. Y. Supp. 546; Fitz Gibbons Boiler Co. v. Manhasset Realty Co., 125 App. Div. 764, 110 N. Y. Supp. 225; (dissenting opinion by Scott, J., adopted by Court of Appeals, 198 N. Y. 517, 92 N. E. 1084). 19 Cyc. p. 1052, title "Fixtures."

[3] The determining fact is the consent of or notice to the owner of the land. Prior mortgagees (and, in the absence of statute, subsequent mortgagees) stand or fall with respect to the character of the affixed chattels, according to the rights therein of the owner of the land, notwithstanding obiter dicta to the contrary effect in McFadden

v. Allen, 134 N. Y. 489, 32 N. E. 21, 19 L. R. A. 446, and Mechanics' & Traders' Bank v. Bergen Heights Realty Corp., 137 App. Div. 45, 122 N. Y. Supp. 33. In the opinion of Mr. Justice Scott in the Fitz Gibbons Boiler Co. Case there seems to be approval of the holding in Jermyn v. Hunter, supra, that where chattels are sold in a conditional contract to a building contractor, which he intends, with the knowledge of the vendor, to annex to a building on another man's land, the reservation of title does not remain operative as against the owner of the land after the chattels are annexed to the realty unless the owner has agreed to that condition or acquiesced in the annexation with knowledge thereof; and on the foreclosure of a prior mortgage the purchaser of the premises takes clear title to the annexed property.

Davis v. Bliss, 187 N. Y. 77, 79 N. E. 851, 10 L. R. A. (N. S.) 458, is not out of harmony with the cases cited above, as at page 83, attention is called to the clause in the contract between the vendor and vendee of real estate, which contemplated that machinery might be installed by the vendee subject to a reservation of title in the seller of the machinery. The doctrine of estoppel seems to be a sound and wholesome doctrine to apply under the evidence in this case.

Then, upon the evidence admitted, the Amusement Company should have been held to be a purchaser in good faith, and thus protected by the statute, or the jury should have been permitted to find that it was such purchaser.

[4] This is no place for the application of the doctrine which has found lodgment in numerous reported opinions that one is not a purchaser in good faith until he has actually paid the entire purchase price, payment of a portion thereof giving him only a lien for reimbursement, because there was no specific price to be paid by the Genesee Amusement Company to McDonell Company for the generators, and there is no way to fix the amount of any such lien for reimbursement. The only balance unpaid by the Amusement Company to the McDonell Company was $1,500, reserved out of the general contract price because of difficulty with the working of the generators; but title to the generators passed to the Amusement Company on installation, subject to its right to reject them if they did not come up to the specifications in working capacity; and, as against the plaintiff, the Amusement Company should have been held a purchaser in good faith, or at least the jury should have been permitted to find that the Amusement Company was a purchaser in good faith and so protected by the statute.

[5] And, if defendant had only a lien on the generators, that suffices as a defense to this suit, which is based upon unlawful detention. There has been no tender of any amount to satisfy any such lien.

[6] The holder of the Kimball mortgage had a right to insist that the generators be regarded as part of the realty if the Amusement Company, at the time of annexation, did not have notice of the conditional sale. When the Kimball mortgage was foreclosed, the defendant, as purchaser at that sale, obtained all the rights in the premises which were secured by the mortgage, although at the time of the foreclosure sale the defendant had become advised of the claim made by the plaintiff upon the generators. Best v. Staple, 61 N. Y. 71.

As a new trial must be ordered, no discussion is necessary as to the right of the defendant in any event to succeed in this action because of the advancements made by the Monroe County Savings Bank subsequent to the installation of the generators upon its mortgage upon the premises.

The verdict of the jury is set aside on the law of the case, and a new trial ordered, with $10 costs to the defendant to abide the event.