CROCKER-WHEELER CO. v. GENESEE RECREATION CO.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1910.)

1. SALES (§ 480*)—ACCEPTANCE BY BUYER—EVIDENCE.
    In an action by a seller to recover property conditionally sold from a purchaser from the buyer, evidence *held* not to negative acceptance by the buyer and his successors.
    [Ed. Note.—For other cases, see Sales, Dec. Dig. § 480.*]

2. SALES (§ 473*)—CONDITIONAL SALES—FILING CONTRACT—NECESSITY—BONA FIDE PURCHASERS—"ATTACHED TO THE BUILDING."
    Lien Law (Laws 1897, c. 418) §§ 112–115, as amended by Laws 1904, c. 698, incorporated in Personal Property Law (Laws 1909, c. 45 [Consol. Laws, c. 41]) art. 4, provides that contracts of conditional sale, accompanied by delivery of the thing sold, shall be void as against subsequent

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

purchasers in good faith, unless filed as directed, and that, where chattels are so sold to be attached to a building, the conditions of the contract shall be void against bona fide purchasers of the premises, unless before delivery of the chattels at such building the contract shall have been duly filed. Certain electric generators were conditionally sold to a purchaser for use in the plant of an amusement company, and were delivered some months after the date of the contract by the seller to the amusement company at the request of the buyer, and were permanently affixed to the foundation and connected with an engine, making them a part of the plant of the amusement company. *Held*, that they were "attached to the building," within the statutes, and that, the contract not having been filed, the sale was absolute as to subsequent bona fide purchasers of the premises.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1377–1390; Dec. Dig. § 473.*

For other definitions, see Words and Phrases, vol. 1, pp. 614–616.]

3. SALES (§ 480*) — CONDITIONAL SALES — PURCHASERS FROM BUYER — BONA FIDES—EVIDENCE—QUESTIONS FOR JURY.

In an action by a seller under a conditional contract of sale to recover the property from subsequent purchasers of the buyer, evidence *held* to require submission to the jury of the question whether such subsequent successive purchasers had notice of the conditions attached to the sale.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 480.*]

4. BANKRUPTCY (§ 140*)—BANKRUPT'S TRUSTEES—TITLE TO PROPERTY CONDITIONALLY SOLD.

Where a purchaser of personal property under a conditional sale sold the property to the bankrupt, the bankrupt's trustees acquired no better title than the bankrupt had.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 140.*]

5. SALES (§ 474*)—CONDITIONAL SALES—OMISSION TO REFILE—STATUTES—APPLICATION.

Personal Property Law (Laws 1909, c. 45 [Consol. Laws, c. 41]) § 64, declaring that omission to refile a conditional sale contract renders it void as to the buyer's creditors, does not apply to creditors of a corporation which has become a bankrupt, to which the property has been transferred.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 474.*]

Action by the Crocker-Wheeler Company against the Genesee Recreation Company. The court directed a verdict for defendant, to which plaintiff excepted, and applied for a new trial. Plaintiff's exceptions were directed to be heard at the Appellate Division in the first instance. Exceptions sustained, and motion granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Isaac Adler, for plaintiff.
Percival D. Oviatt, for defendant.

KRUSE, J. The plaintiff claims to own, and seeks to recover of the defendant, three electric generators, which were furnished and delivered by the plaintiff to the James McDonell Company under a contract of conditional sale, containing the provision that the title should remain in the plaintiff, and not pass to the purchaser, until fully paid for in cash. The purchase price was $1,990, two-thirds of which remains unpaid. The contract is in writing, but was not filed

---
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as required by the statute relating to conditional sales, to make that provision of the contract effective as to purchasers in good faith. The James McDonell Company sold the generators to the Genesee Amusement Company, and they were installed upon the premises of the latter company in the city of Rochester. Subsequently the Amusement Company became insolvent, and the trustee in bankruptcy sold its assets, including the generators, to three individuals, who in turn sold the same to the defendant. The trial court directed a verdict for the defendant, to which the plaintiff excepted, and the exceptions were ordered to be heard here in the first instance.

It is now contended on behalf of the plaintiff that the two larger generators were not accepted by the McDonell Company or any of its successors in title. I think the acts of the plaintiff before the action was commenced, as well as the allegations of its complaint, are to the contrary. While the Amusement Company and its successors have claimed that the generators did not come up to the contract, and changes have been made by the plaintiff from time to time to make them satisfactory, and the Amusement Company has withheld $1,500 of the purchase price coming to the McDonell Company from the Amusement Company to protect the latter against damages for the generators not coming up to contract, the generators have been left installed upon the premises, and the plaintiff's claim to recover possession thereof has been based upon its retention of the title under the conditional contract of sale. That was the claim of the plaintiff when it demanded possession, and upon that theory the action was brought. I think the point which the plaintiff now makes is not well taken.

It further contends that the statute relating to the filing of conditional sales contracts does not apply, for the reason that the generators were not in existence when the contract was made, but were to be manufactured and delivered in the future; citing in support of its contention Graves Elevator Company v. Callanan, 11 App. Div. 301, 42 N. Y. Supp. 930, and Duntz v. Granger Brewing Company, 41 Misc. Rep. 177, 83 N. Y. Supp. 957, affirmed 96 App. Div. 631, 89 N. Y. Supp. 1103, 184 N. Y. 595, 77 N. E. 1186. When the contracts under consideration in those cases were made, the conditional sales statute provided that such contracts, accompanied "by an immediate delivery and continued possession of the thing contracted to be sold," should be void as against subsequent purchasers, pledgees, or mortgagees in good faith, unless filed as therein directed. Laws 1897, c. 418, § 112. But in 1904 the act was amended by striking out the word "immediate" and the phrase "and continued possession," and the section was further amended by providing that contracts for the conditional sale of goods and chattels attached or to be attached to a building shall be void as against subsequent bona fide purchasers or incumbrancers of the premises on which such building stands, and that as to them the sale shall be deemed absolute, unless, on or before the date of the delivery of such goods or chattels at such building, such contract shall have been duly and properly filed with the register or the county clerk, as therein provided, of the county in which the premises whereon the building stands are located. Laws 1904, c.

698, amending sections 112, 113, 114, 115 of the lien law, relating to contracts of conditional sales, being chapter 418 of the Laws of 1897. The statute as thus amended has been incorporated in the present Personal Property Law. Laws 1909, c. 45 (Consol. Laws, c. 41) art. 4, relating to contracts for the conditional sale of goods and chattels. The generators were delivered by the plaintiff to the Amusement Company, by the direction of the McDonell Company, about three months after the date of the contract, and permanently affixed to the foundation or base, and each connected with an engine, making them a part of the plant in the building of the Amusement Company. I think they were attached to the building within the meaning of the act, and that the failure to file the contract made the sale absolute as to subsequent bona fide purchasers or incumbrancers of the premises on which the building stands.

Finally, the plaintiff contends that neither the Amusement Company nor any of its successors in title were bona fide purchasers; at least, that upon the evidence it was a question of fact. I think the burden of proof showing that fact was upon the defendant. Stevens v. Brennan, 79 N. Y. 254; Duffus v. Howard Furnace Co., 8 App. Div. 567, 40 N. Y. Supp. 925; Berner v. Kaye, 14 Misc. Rep. 1, 35 N. Y. Supp. 181. It can be found from the evidence that not only the Amusement Company had notice of the conditional sale, but that the persons to whom the generators were sold by the trustee in bankruptcy likewise had notice thereof, as well as the defendant corporation, which was subsequently formed. The contract was submitted for approval to the architect employed by the Amusement Company before it was made. He examined it, approved the specifications, and agreed to let the McDonell Company purchase the generators and put them in. A written notice of the terms of the contract was served upon the treasurer of the Amusement Company about the time or soon after the delivery of the generators to the latter, and the treasurer called the attention of the president to the notice. The terms upon which the generators were purchased were necessarily involved in the discussions relating to the generators had between the representatives of the various companies interested. The three individuals to whom the generators were sold by the trustee in bankruptcy were at that time directors of the Amusement Company, one of them being its president, and afterward, together with others, they formed the defendant corporation and became directors thereof; and they were directors of the defendant corporation at the time the sale was made by them to it. There are other circumstances tending to show that the subsequent purchasers had notice of the conditional sale, to which I need not allude. I think it clear that the question of good faith was a question of fact, and that a verdict should not have been directed for the defendant.

As regards the trustee, he acquired no better title than his bankrupt had. He was not a bona fide purchaser, within the provisions of the act under consideration. Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986. Counsel for the defendant urges that the trustee not only acquired the rights of the Amusement Company, but as well those of its creditors. Very likely that is true;

but the answer to that suggestion is that, unlike the provision relating to the filing of chattel mortgages, the failure to file a conditional bill of sale, does not make it void as to creditors. And even if the provision which makes the omission to refile a conditional sale contract void as to creditors applies here, it only applies to the creditors of the conditional vendee—Personal Property Law (Laws 1909, c. 45 [Consol. Laws, c. 41]) § 64—and that in this case is the McDonell Company, and not the bankrupt Amusement Company.

The plaintiff's exceptions should therefore be sustained, and the motion for a new trial granted, with costs to the plaintiff to abide the event. All concur.