In re NOETHEN.

(Circuit Court of Appeals, Second Circuit. December 10, 1912.)

No. 71.

BANKRUPTCY (§ 184*)—PROPERTY OF BANKRUPT—CHATTEL MORTGAGE—VALIDITY.

A chattel mortgage on a bankrupt's fixtures and furniture, stock in trade, wines, liquors, supplies, and stock, and all goods and chattels thereafter purchased or required and placed on the premises, but authorizing the bankrupt to retain possession, sell the stock from day to day in the usual course of trade, without accounting for such sales and paying the proceeds on the mortgage, was void as against the bankrupt's creditors and receiver in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 275–277; Dec. Dig. § 184.*]

Petition to Revise Order of the District Court of the United States for the Southern District of New York; Julius M. Mayer, Judge.

In the matter of bankruptcy proceedings against Joseph Noethen, individually and as surviving partner of the firm of Hyler & Noethen, bankrupt. On petition of August Luchow to revise an order (195 Fed. 573) denying the claim of petitioner as mortgagee of the bankrupt stock and goods. Affirmed.

This cause comes here on petition to revise an order of the District Court, determining the claim of the petitioner to the proceeds of the sale of certain merchandise contained in the place of business of the bankrupt and claimed

---

to be subject to the lien of a chattel mortgage held by petitioner. The bankrupt was engaged in the restaurant, wine, and liquor business. The proceeds as to which ,this claim is made represent stock in trade (wine, liquors, cigars, etc.) in the premises when the mortgage was made, and similar stock in trade purchased between the time of· making the mortgage June 5, 1911, and the time when the receiver in bankruptcy took possession, January 9, 1912. The mortgage covered, in addition to certain fixtures and furniture, "stock in trade, mentioned, the schedule annexed." The schedule mentions "all wines, liquors, cigars, supplies, and stock." The mortgage also covered "all other goods [and] chattels which may hereafter be purchased or acquired and placed in the premises." The District Judge held that the mortgage was void both as to the stock on the premises at the time of delivery of the mortgage and as to the stock after acquired. The opinion will be found in 195 Fed. 573.

G. E. Joseph, of New York City (Nathan Burkan, of New York City, of counsel), for petitioner.

Yankauer & Davidson, of New York City (R. V. Ingersoll, of New York City, of counsel), for respondent.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). It seems hardly necessary to add anything to the opinion of the District Judge. A mortgage such as this, covering supplies which are constantly shifting, some being used up in the business and other similar supplies being bought to take their place, will be sustained, if. it is apparent that all money received by· the mortgagor from the sale of old stock is used either to buy new stock, which is taken into the premises and brought under the mortgage, or else is applied in reduction of the mortgage debt. From the record, a majority of the court are not satisfied that this was the case. The wines, liquor, and merchandise, both old and new, were at all times used by the bankrupt as such stock in trade ordinarily is, and were bought and sold and dealt in from day to day in the usual course of trade; all the proceeds being retained by the bankrupt, and no part being turned over to the mortgagee. There is nothing to indicate that the mortgagee did not know the bankrupt was selling the stock of wines, cigars, and restaurant supplies. The business was a going restaurant, where such sales are made from day to day. Knowing what the business was, the mortgagee must have known they were selling stock which his mortgage covered. He knew that they made no payment or return or reports to him of such sales. The inference seems irresistible that there was no agreement that the proceeds of sales should be applied on the mortgage. If there were such an agreement, he would certainly have inquired why, during six months, no return was made to him of any sales.

A majority of the court concur in affirming the order.