## In re WHITE'S EXPRESS CO.

(Circuit Court of Appeals, Second Circuit. June 3, 1914.)

No. 265.

1. BANKRUPTCY (§ 140*)—PROPERTY PASSING TO TRUSTEE—CONDITIONAL BILL OF SALE.

A contract under which property was furnished to a bankrupt for use and not for sale, and which expressly provided that the title should not pass until it was fully paid for, construed, and *held* a conditional bill of sale, and not a chattel mortgage.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. § 140.*]

2. BANKRUPTCY (§ 184*)—RIGHT TO RECLAIM PROPERTY—CONDITIONAL SALE.

Prior to the amendment of Bankr. Act July 1, 1898, c. 541, § 47a (2) 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1500), an unfiled conditional sale contract in New York, under which property had been delivered to a bankrupt, and which under the state statute was invalid only as against subsequent purchasers, pledgees, and mortgagees in good faith, was good as against the trustee in bankruptcy; and, where such a bill of sale was filed after the amendment, but prior to the bankruptcy, it was valid as against the trustee, and entitles the seller to reclaim the property.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 275-277; Dec. Dig. § 184.*]

Petition to Revise and Appeal from Order of the District Court of the United States for the Eastern District of New York.

This cause comes here on appeal from and petition to revise an order of the District Court, Eastern District of New York, dismissing the petition of General Vehicle Company, Inc., for reclamation of the sum of $3,333.33, proceeds of the sale of certain automobile trucks, which, by order on stipulation, was held by the trustee of White's Express Company, bankrupt, as a separate fund, subject to the same lien or rights, if any, which claimant had on and in the trucks.

H. H. Flagg, of New York City, for petitioner.

C. A. Houston, of New York City, for respondent.

Before COXE and ROGERS, Circuit Judges, and MAYER, District Judge.

MAYER, District Judge. The right of General Vehicle Company, Inc., to reclaim depends primarily on the question as to whether the agreement entered into between its assignor, General Vehicle Company, and White's Express Company was a conditional bill of sale or a mortgage.

[1] On July 19, 1909, claimant's assignor proposed, in writing, to furnish to White's Express Company certain automobile trucks at a stated purchase price, payable in installments. The written proposal, which was accepted on July 21, 1909, by the Express Company, contained the following provision:

"The title of said apparatus shall remain in the company [meaning the claimant's assignor] until fully paid for."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Contemporaneously, a so-called maintenance agreement was entered into whereby the vehicle company agreed to sell to the express company all replacements of material necessary for the upkeep of the trucks. In this maintenance agreement, the vehicle company is described as the "company" and "party of the first part," while the express company is referred to as "the party of the second part," "the purchaser," and once as "the owner." We think it clear that the isolated use of the words "the owner" in the carelessly drawn maintenance agreement was accidental, and in view of the distinctly expressed reservation of title in the main agreement, we are satisfied that that agreement was a conditional bill of sale and not a chattel mortgage. Harkness v. Russell, 118 U. S. 663, 7 Sup. Ct. 51, 30 L. Ed. 285; Tompkins v. Fonda Glove Lining Co., 188 N. Y. 261, 80 N. E. 933; Crocker Wheeler Co. v. Genesee Recreation Co., 140 App. Div. 726, 125 N. Y. Supp. 721.

The transaction was not one which contemplated a resale or the use of the proceeds of mortgaged goods as in In re Noethen, 201 Fed. 97, 119 C. C. A. 435, Skilton v. Codington, 185 N. Y. 80, 77 N. E. 790, 113 Am. St. Rep. 885, and Zartman v. First National Bank, 189 N. Y. 267, 82 N. E. 127, 12 L. R. A. (N. S.) 1083.

[2] A copy of the conditional bill of sale was not filed in the office of the register of Kings county until July 19, 1912, and on October 21, 1912, White's Express Company was petitioned into bankruptcy, and was adjudicated a bankrupt on November 14, 1912. Prior to the act of June 25, 1910, amending, among other things, section 47a of the Bankruptcy Act, an unfiled conditional bill of sale was valid as against a trustee in bankruptcy, and in New York (section 62, Personal Property Law; Consol. Laws, c. 41), an unfiled conditional sale contract accompanied by delivery of the goods, is void only as against "subsequent purchasers, pledgees and mortgagees in good faith." Holt v. Henley, 232 U. S. 637, 34 Sup. Ct. 459, 58 L. Ed. 767; York Manufacturing Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782; Arctic Machine Co. v. Armstrong County Trust Co., 192 Fed. 114, 112 C. C. A. 458; Big Four Implement Co. v. Wright, 207 Fed. 543, 125 C. C. A. 577, 47 L. R. A. (N. S.) 1223; Crocker Wheeler Co. v. Genesee Recreation Co., 140 App. Div. 726, 125 N. Y. Supp. 721. As the transaction was prior to the amendment of 1910 and the filing was prior to the bankruptcy in 1912, the contract of conditional sale was valid as against the trustee, and the claimant is therefore entitled to a return of the chattels, which, in this proceeding, are represented by the earmarked proceeds.

We think the order of the District Court was erroneous, and it is reversed.