### In re I. S. REMSON MFG. CO.

### In re HEATER.

(Circuit Court of Appeals, Second Circuit.   April 25, 1916.)

#### No. 112.

BANKRUPTCY ⊜184(2)—PROPERTY VESTING IN TRUSTEE—UNRECORDED CONDITIONAL SALE CONTRACTS.

Bankr. Act July 1, 1898, c. 541, § 47a(2), 30 Stat. 557, as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (Comp. St. 1913, § 9631), which vests a trustee, as to property coming into his possession, with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon, does not entitle him, as against the seller, to hold property delivered to the bankrupt under a conditional sale contract preserving title, which, although unrecorded, is good under the state statute (Personal Property Law N. Y. [Consol. Laws, c. 41] §§ 62, 63), except as against subsequent purchasers, pledgees, or mortgagees in good faith, for the trustee merely stands in the shoes of an attaching creditor, who would only have acquired the interest of the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 276; Dec. Dig. ⊜184(2).]

Petition to Revise Order of the District Court of the United States for the Eastern District of New York.

In the matter of the bankruptcy of the I. S. Remson Manufacturing Company. On petition of the Adder Machine Company, an adding machine in possession of bankrupt was ordered delivered to it (227 Fed. 207), and Guy C. Heater, as trustee, petitions to revise the order. Order affirmed.

Winslow, Keenan & Budd, of New York City, for petitioner.
Black, Varian & Simon, of New York City, for respondent.

Before COXE, WARD, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge.   The bankrupt is a New York corporation, and on February 23, 1915, it purchased from the Adder Machine Company, a Pennsylvania corporation, a Wales visible adding machine. The sale was a conditional one, and the price agreed to be paid was $180. The terms of sale required $70 to be paid in cash with the order, and that thereafter 10 consecutive monthly payments of $11 each should be made commencing 30 days from date of invoice. Of this amount $92 has been paid, leaving a balance of $88 due and

unpaid with interest from February 23, 1915. The agreement contained the following provision:

"Nothing but acceptance in writing from vendor's home office, Wilkes-Barre, Pa., shall constitute an acceptance of this order by vendor. It is agreed that title to said property shall not pass to vendee, or any other person, firm, or corporation, until paid for in full, which shall include the payment of any judgment secured. If cash payment is not made as agreed, or if there be default at any time in any payment, or other condition of this agreement, or upon refusal or neglect of vendee to accept said property when tendered by vendor or its agent, or any transportation agency, the full amount unpaid hereon shall become due and payable forthwith, and vendee agrees to accept and pay draft for the amount. In default of any payment or other condition herein expressed, said property may be removed by the vendor or its agents without legal process, and all payments made shall be retained by vendor as liquidated damages for the use thereof and not as a penalty. When payment in full shall have been received the property shall belong to the vendee."

The machine was duly delivered to the bankrupt prior to the adjudication of bankruptcy, which occurred on May 27, 1915. The trustee in bankruptcy was about to sell certain of the assets of the bankrupt, and thereupon the Adder Machine Company applied to the court for an order directing him to return to it the machine in question. The court below has entered an order directing that the machine be surrendered.

The conditional bill of sale was not filed in accordance with the Personal Property Law of the state of New York (Consol. Laws, c. 41) until after the trustee in bankruptcy had been elected and had qualified. That law provides as follows:

"*Where Contract to be Filed.* Such contracts · * * * shall be filed in the city or town where the conditional vendee resides, if he resides within the state at the time of the execution thereof, and if not, in the city or town where such property is at such time. Such contract shall be filed in the city of New York, as follows, namely: In the borough of Brooklyn in said city, such instrument shall be filed in the office of the register of the county of Kings. * * * *" New York Laws 1909, c. 45, art. 4, § 63; 4 Consolidated Laws of New York (Birdseye's Cummings & Gilbert's Edition) 4220.

It also provides:

"*Conditions and Reservations in Contracts for the Sale of Goods and Chattels.* Except as otherwise provided in this article, all conditions and reservations in a contract for the conditional sale of goods and chattels, accompanied by delivery of the thing contracted to be sold, to the effect that the ownership of such goods and chattels is to remain in the conditional vendor or in a person other than the conditional vendee, until they are paid for, or until the occurrence of a future event or contingency, shall be void as against subsequent purchasers, pledgees or mortgagees, in good faith, and as to them such sale shall be deemed absolute, unless such contract of sale, containing such conditions and reservations, or a true copy thereof, be filed as directed in this article. * * *" New York Laws 1909, c. 45, art. 4, § 62; 4 Consolidated Laws of New York (Birdseye's Cummings & Gilbert's Edition) 4218.

The trustee objects to the order of the court below. He calls attention to the fact that under this statute a purchaser, pledgee, or mortgagee in good faith of the machine acquiring his interest therein prior to the filing of the conditional bill of sale would take free of the conditions of the bill of sale. The trustee seeks therefore to convince us that he stands in the shoes of a purchaser, pledgee or mortgagee

in good faith and that therefore he is entitled to retain the machine. And he relies upon the following provision of the Bankruptcy Act:

"Such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution 'duly returned unsatisfied." Bankruptcy Act 1898, c. 541, § 47, subd. "a" (2), as amended June 25,.1910.

The effect of the above provision is to invest the trustee with the rights of a creditor holding a lien by legal or equitable proceedings. In other words, the meaning of the act is that the trustee has such rights as a creditor of the bankrupt would have who held a judgment, or an attachment, or an execution, or an equitable lien similar thereto. It does not clothe the trustee with the rights of an innocent purchaser, mortgagee, or pledgee for value. A judgment creditor, an attaching creditor, an execution creditor, simply gets the precise interest which the judgment debtor has and could have transferred. At the time of the bankruptcy the bankrupt held the machine subject to the right of the vendor to reclaim it from the vendee, who had defaulted in making payment. As the vendor could assert its title as against a judgment or an attaching creditor, it can assert it as against the trustee.

The rule is stated correctly in Remington on Bankruptcy (2d Ed.) vol. 2, p. 939, § 1137, where that writer declares that the trustee stands in the shoes of the bankrupt and takes "the property, in cases unaffected by any fraud of the bankrupt toward the creditors, in the same plight and condition in which the bankrupt held it, and subject to all equities and rights imposed upon it in the hands of the bankrupt," subject to certain exceptions not now necessary to be considered not being herein involved.

Counsel for the trustee has directed our attention to In re White's Express Co., 215 Fed. 894, 132 C. C. A. 234. In that case it was not necessary to consider the meaning of the amendment to the act made in 1910. The conditional bill of sale in that case had been filed prior to the adjudication of bankruptcy, and this court was not called upon to decide, and of course did not decide, what the effect would have been if the bill of sale had not been filed until after the adjudication.

Order affirmed.