## In re MONARCH ACETYLENE CO.

## In re BEALS & CO.

(Circuit Court of Appeals, Second Circuit. April 24, 1917. On Rehearing, July 10, 1917.)

### No. 188.

### On Rehearing.

BANKRUPTCY ⬯440—APPELLATE PROCEEDINGS—MODE OF REVIEW—CONTROVERSY ARISING IN BANKRUPTCY PROCEEDINGS—"PROCEEDING IN BANKRUPTCY."

An order establishing as a lien on property of a bankrupt a claim not contested as a general claim is not one in a "controversy arising in bankruptcy proceedings," within Bankr. Act July 1, 1898, c. 541, § 24a, 30 Stat. 553 (Comp. St. 1916, § 9608), but is one made in a "proceeding in bankruptcy," reviewable only on appeal taken within 10 days, under section 25a (Comp. St. 1916, § 9609).

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Controversy Arising in Bankruptcy Proceedings; First and Second Series, Bankruptcy Proceedings.]

Appeal from the District Court of the United States for the Western District of New York.

In the Matter of the Monarch Acetylene Company, bankrupt. From a judgment of the District Court, Beals & Co. appeal. Appeal dismissed.

For opinion below, see 229 Fed. 474.

August Becker and J. Ralph Ulsh, both of Buffalo, N. Y., for appellants.

Frederick O. Bissell, of Buffalo, N. Y., for appellee.

Before COXE, WARD, and ROGERS, Circuit Judges.

PER CURIAM. This case is exactly like that of In re Zeis, 245 Fed. 737, —— C. C. A. ——, in which an opinion has just been handed

down, except that there is an additional defect, in that the amount involved is less than $500, the jurisdictional amount prescribed in section 25a (3) of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 553 [Comp. St. 1916, § 9609]).

The appeal is dismissed.

## On Rehearing.

ROGERS, Circuit Judge. This case is here on a rehearing. We are satisfied that the former opinion of this court, dismissing the appeal, was right. The question involved relates to a claim secured by a lien on the assets of the bankrupt. Matter of Loving, 224 U. S. 183, 32 Sup. Ct. 446, 56 L. Ed. 725, shows that the question presented is not "a controversy arising in bankruptcy proceedings" under section 24a of the Bankruptcy Act, but is "a proceeding in bankruptcy" under section 25a. As such the appeal had to be taken within 10 days, and it was not so taken. The petition on appeal discloses that the judgment was entered on February 18, 1916, and that the appeal was not taken until March 6, 1916.

Appeal dismissed.