## In re MITCHELL MOTOR & SERVICE CO., Inc.

(District Court, W. D. Washington, N. D.   March 25, 1921.)

No. 6455.

Bankruptcy ⚹═▷184(1)—Chattel mortgages by bankrupt held valid.

Chattel mortgages given by a bankrupt to secure present loans on automobiles definitely described and specifically identified by number, duly recorded, and which contain no authority to the mortgagor to sell the mortgaged property, *held* valid against the trustee under the law of Washington in the absence of any evidence that sales made of some of the cars by bankrupt were acquiesced in or known to the mortgagee, or other evidence of fraud or collusion.

In the matter of the Mitchell Motor & Service Company, Inc., bankrupt.   Petition for review of order of referee.   Denied.

Shank, Belt & Fairbrook, of Seattle, Wash., for claimant State Bank of Seattle.

Gates & Helsell, of Seattle, Wash., for trustee.

NETERER, District Judge.   On May 27, 1920, June 16, 1920, June 24, 1920, and June 25, 1920, the bankrupt borrowed from the State Bank of Seattle on the respective dates' $9,342.53, $5,089.45, $2,735.10, and $2,272.69, and executed its promissory notes for the respective sums on the respective dates, and executed a chattel mortgage upon motor vehicles of the bankrupt, each mortgage covering separate vehicles, which are definitely described and specifically identified by number.   The mortgages were duly filed, recorded, and properly indexed in the auditor's office of the proper county.   Rem. & Bal. Code, § 3662.   The validity of the mortgage is determined by the state law as construed by the state Supreme Court.   Re Harnden (D. C.) 200 Fed. 175.   There was no provision in the mortgage for an accounting, nor any authority granted to the mortgagee in the mortgage or otherwise to sell.   The motor vehicles included in the mortgages were exposed for sale in the salesroom of the bankrupt, and the bankrupt did sell some of the vehicles without the permission or knowledge of the bank, and without applying the proceeds to the payment of the debt.   The bank filed four separate claims with the trustee to which objections are urged by the trustee, alleging the chattel mortgages to be void as to creditors; the ground urged being that the mortgagor was permitted to have possession of the property with full power to dispose of the same.   The referee held against the contention of the trustee, and the matter is before the court on a petition for review.   The status of the mortgages on the motor vehicles by reason of the definite and specific description and identity does not bear the relation of a shifting stock within the statute and decisions of the state requiring provision for an accounting and application of proceeds to the satisfaction of the mortgage.   Keyes v. Sabin, 101 Wash. 618, 172 Pac. 835; Miller v. Scarbrough, 108 Wash. 646, 185 Pac. 625.

The mortgage being valid and recorded, if it is avoided, it must be because of subsequent conduct of the parties.   The property included in

this mortgage is not of the same class as "a stock of merchandise" (In re Nat. Bk., 135 Fed. 62, 67 C. C. A. 536, 14 Am. Bankr. Rep. 180), or "stock or material" of a shipbuilding concern (In re Marine Const. & Dry Dock Co., 144 Fed. 649, 75 C. C. A. 451, 16 Am. Bankr. Rep. 325), or a "stock consisting of wines, liquors, and cigars" (In re Noethen, 201 Fed. 97, 119 C. C. A. 435, 29 Am. Bankr. Rep. 234), or "merchandise and other property" (Dodge v. Norlin, 133 Fed. 363, 66 C. C. A. 425, 13 Am. Bankr. Rep. 177), or upon "all its property at its designated place of business" (Peterson v. Sabin, 214 Fed. 234, 130 C. C. A. 608, 32 Am. Bankr. Rep. 599). The transaction upon its face bears the stamp of good faith, and can only be condemned when it is not carried out in good faith. In re Allen McLean (D. C.) 270 Fed. 348, December 15, 1920, this court. From an examination of the testimony in this case I cannot say that the bank with knowledge permitted the application of proceeds of sale to other sources than its indebtedness, nor ratified any act of the bankrupt in disposing of mortgaged property without its consent. While mortgagees should not be protected when fraud is established or for lack of vigilance from which collusion must be inferred, there is no fraud or collusion established. The market overt doctrine has not application here. Black Diamond v. Johnson, 104 Wash. 550, 177 Pac. 340, 3 A. L. R. 235. Nor do the facts in Re Hallbauer, 275 Fed. 126, 46 Am. Bankr. Rep. 132, apply.

The petition for review is denied.