· In re HENNINGSEN.

(Circuit Court of Appeals, Second Circuit.   January 7, 1924.)

♦ No. 133.

1. Bankruptcy ⊚⇒440—Order sustaining lien reviewable by appeal.

An order sustaining a chattel mortgage on property in possession of the trustee is reviewable by appeal.

2. Chattel mortgages ⊚⇒192—Delay in filing held not to invalidate.

Under the rule that a chattel mortgage, to be valid against creditors, must be filed within a reasonable time, a delay of six weeks before filing *held* not to invalidate a mortgage given in place of a prior mortgage on the same property which remained of record until such filing.

3. Fradulent conveyances ⊚⇒47—Statute relating to mortgages on "stock of merchandise" in bulk held not applicable to mortgage on restaurant.

Lien Law N. Y. § 230-a, requiring an inventory and notice to creditors before the giving of a mortgage on a "stock of merchandise" in bulk, *held* not to apply to a mortgage on "all chattels, fixtures and personal property" in a restaurant.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Stock of Merchandise.]

Appeal from the District Court of the United States for the Eastern District of New York.

In the matter of John F. Henningsen, trading as the Fountain Inn, bankrupt; John T. Eno, trustee. From an order sustaining a chattel mortgage, the trustee appeals. Affirmed.

For opinion below, see 291 Fed. 684.

A petition in bankruptcy was filed against Henningsen on August 30, 1922, under which he was subsequently adjudicated. He had for some time conducted a restaurant under the name of the Fountain Inn. Prior to November, 1920, one Ueberall was in partnership with him. At the date last mentioned Ueberall sold his interest in said partnership to one Weiss, and Weiss gave to Ueberall certain notes secured by a chattel mortgage covering his (Weiss') interest in the Fountain Inn.

In May, 1922, Henningsen desired to buy out Weiss and become the sole proprietor of the restaurant, whereupon it was agreed between Henningsen

and Ueberall that the latter should give up, inter alia, the mortgage which he held on Weiss' interest and take a mortgage from Henningsen; the new mortgage being (as was the surrendered one) taken as security for notes given to extinguish all interests in the Fountain Inn other than that of Henningsen himself. This mortgage was dated May 24, 1922, but was not filed until July 13th. The proper place of filing is but a few miles from the lawyer's office where the transaction was arranged for.

This mortgage by Henningsen in ordinary form granted, bargained and sold unto Ueberall: "All my right, title, and interest in and to the restaurant known as Fountain Inn, together with all chattels, fixtures, and personal property of every description now in said premises or which may hereafter be placed in said restaurant, which said chattels and fixtures (which I now set forth and represent that I own) are free and clear of any incumbrance." The habendum clause mentioned only goods and chattels, and so does the clause authorizing entry and sale.

Bankruptcy supervened within four months, and the questions at bar are: (1) Whether the mortgage is void for not having been filed in due time; and (2) whether the mortgage is void under section 230–a of the Lien Law of the state of New York (Consol. Laws, c. 33), which provides that "every mortgage or conveyance intended to operate as a mortgage upon a stock of merchandise in bulk or any part thereof, or upon merchandise and fixtures pertaining to the conduct of the business of the mortgagor, shall be void as against the creditors of the mortgagor," unless notice be given creditors and other steps taken, which confessedly were never taken.

The District Court held the mortgage valid, whereupon the trustee in bankruptcy appealed.

Duberstein & Robbins, of New York City (Samuel C. Duberstein, of New York City, of counsel), for appellant.

Griffiths, Sarfaty & Content, of New York City (Harold A. Content, of New York City, of counsel), for appellee.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] It was said at bar that this case had been brought up both by appeal and petition to revise. No such petition has been filed, and, though in somewhat unusual form, we hold the document which brought the case here to be a notice of appeal. Undoubtedly questions of this kind have been brought to this court by petition to revise, neither party objecting. In re Noethen, 201 Fed. 97, 119 C. C. A. 435. But appellee's effort was to get something on which he asserted a lien, or as to which he prayed a priority, which something was already in the actual possession of the trustee in bankruptcy. An appeal in such a matter is proper. Gibbons v. Goldsmith, 222 Fed. 826, 138 C. C. A. 252; In re Zeis, 245 Fed. 737, 158 C. C. A. 139; In re Monarch Co., 245 Fed. 745, 158 C. C. A. 143.

[2] There is no rigid specified period of time within which a chattel mortgage under New York law must be filed, but it is uniformly recognized that such filing must be within a reasonable time. Trimble v. Broun-Green Co., 105 Misc. Rep. 210, 172 N. Y. Supp. 726. What is a reasonable time depends upon the circumstances, and the object of the law in requiring any filing. Filing is required in order that diligent creditors may know the truth regarding their debtors, and anything which tends to keep them in the dark may properly be called unreasonable.

But the function of the mortgage here attacked was merely to take the place of another mortgage which had been duly recorded for a long

time. It is admitted that the actual filing of this mortgage was contemporaneous with the withdrawal or extinguishment of the Weiss mortgage. The mortgage at bar was no more than a change of security for the same creditor. Under such circumstances we think there was no unreasonable delay in filing.

[3] Section 230-a of the New York Lien Law is an application to mortgages of the Bulk Sales Act (Consol. Laws, c. 41, § 44) authoritatively construed in Klein v. Maravelas, 219 N. Y. 383, 114 N. E. 809, L. R. A. 1917E, 549, Ann. Cas. 1917B, 273. What is forbidden is the mortgaging (without the prescribed preliminaries) of a "stock of merchandise in bulk" or "merchandise and fixtures." Undoubtedly the mortgage in one portion thereof does refer (as a subject of mortgage) to "all chattels, fixtures and personal property," and these words are broad enough to cover a shifting stock of eatables. But such a stock could not be mortgaged, at least as against creditors. In re Noethen, supra.

A stock of merchandise is a phrase aptly descriptive of the subject-matter of trading and mercantile pursuits. Yet, when the application of the Bankruptcy Law (Comp. St. §§ 9585–9656) was confined to corporations "engaged principally in * * * trading * * * or mercantile pursuits," no petition would lie against an innkeeper. Toxaway, etc., Co. v. Smathers, 216 U. S. 439, 30 Sup. Ct. 263, 54 L. Ed. 558. It has been persuasively held that the Bulk Sales Act does not apply to the goods ordinarily used in a restaurant, because they are not a stock of merchandise within the meaning of the statute. Swift v. Tempelos, 178 N. C. 487, 101 S. E. 8, 7 A. L. R. 1581.

Observing that the draftsman of the mortgage generally sought to mortgage goods and chattels only (a phrase which plainly would not cover a shifting stock of food and drink), we think the mortgage language should be construed according to familiar rules, so as to preserve rather than destroy the document. So read, the mortgage affected only fixtures and tools, and did not even attempt to cover the food stock. Therefore it was valid, and the order appealed from is affirmed.