**In re MASTER KNITTING CORPORATION.**

(Circuit Court of Appeals, Second Circuit.
May 4, 1925.)

No. 338.

**1. Sales ☞457—Transaction held to constitute a "conditional sale," notwithstanding use of phrase "on consignment" on a subsequent informal memorandum of delivery.**

Transaction by which machinery was sold to buyer, payment to be made in installments, and machinery to belong to seller as sole owner, and denying buyer right to sell or remove it without written consent of seller until last payment was made, constituted a "conditional sale," within Conditional Sales Act of New York, notwithstanding use of phrase "on consignment" on a subsequent informal memorandum of delivery.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conditional Sale.]

**2. Sales ☞450—Conditional sale never raises a question of lien, but one of title.**

A conditional sale never raises a question of lien, but one of title.

**3. Bankruptcy ☞140(1) — New York Sales Act, making conditional sale absolute in favor of any creditor who acquires by attachment or levy a lien before contract is filed, held applicable to trustee in bankruptcy of buyer.**

Conditional Sales Act N. Y. § 65, making a conditional sale absolute in favor of any creditor who acquires by attachment or levy a lien before contract is filed, held applicable to trustee in bankruptcy of buyer, in view of provision of Bankruptcy Act (Comp. St. § 9585 et seq.) that a trustee may, as to all property in custody (of the court), be deemed vested with all the rights, remedies, and powers of a creditor holding a lien thereon.

**4. Bankruptcy ☞212—Vendor held to have burden of proving that no creditor of bankrupt was without notice of unrecorded conditional sales contract, in order to recover property from trustee.**

In proceedings by vendor to recover from trustee property sold to bankrupt under unrecorded conditional sales contract, bankrupt having defaulted in payment of the full purchase price, vendor, in order to recover, had burden of proving that no creditor of bankrupt was without notice of the contract.

Hand, Circuit Judge, dissenting in part.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of the Master Knitting Corporation, bankrupt, wherein one Benerofe filed reclamation proceedings. To review an order allowing the claim, Emil Zoirin, trustee, petitions to revise. Order reversed.

One Benerofe, being the owner of certain machinery suitable for bankrupt's business, agreed to deliver the same at its factory at an agreed price, and the parties to the transaction executed a written agreement, of which the material parts are these:

"Payment for this machinery shall be made monthly, to be divided in ten equal payments, plus interest at the rate of 6 per cent. per annum. Payment to start January 15, 1924. This machinery shall belong to said Benerofe as sole owner, and shall not and cannot be sold by [bankrupt] nor removed from their premises, 4077 Park avenue, without the written consent by said Benerofe until last payment is made."

On the day following execution and delivery of this written agreement, Benerofe sent the machinery to the Park avenue factory, with a written description of what was sent, and underneath said description was written the words: "On consignment from S. Benerofe." Thereupon bankrupt signed the description (it is not in terms of a receipt) beneath the quoted phrase. All these transactions took place in New York, and none of the documents mentioned were filed in any public office.

Some six months later, the Master, etc., Corporation was adjudicated bankrupt, and the machinery passed into the possession of the trustee, whereupon Benerofe filed a petition in reclamation, alleging that he had made a conditional sale, and that bankrupt had defaulted after having paid three-tenths of the purchase price, wherefore he demanded delivery to him of the machinery. In the court below Benerofe prevailed, whereupon the trustee filed this petition.

Harold R. Lhowe, of New York City (Morris K. Bauer, of Brooklyn, N. Y., and E. A. Obstfeld, of New York City, of counsel), for trustee.

Hyman Podell, of New York City (Samuel Sumner Goldberg, of New York City, on the brief), for respondent Benerofe.

Before HOUGH, MANTON, and HAND, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1, 2] This transaction was a conditional sale, which never raises a question of lien, but one of title. In re Fitzhugh, etc., Co., 230 F. 811, 813, 145 C. C. A. 121. That title is defined by the Conditional Sales Act of New York in force when the transaction occurred (chapter 642, p. 1766, Laws N. Y. 1922), which declares that "conditional sale" means "any contract for the sale of goods under which possession is delivered to the buyer and the property in the goods is to vest in the buyer at a

subsequent time upon the payment" of the purchase price.

This was the exact content of the formal written agreement between bankrupt and its vendor, and the use of the phrase "on consignment" on a subsequent informal memorandum of delivery cannot vary the scheme of business upon which the minds of the parties met and adhered to in a manner totally inconsistent with a consignment, for some months after delivery.

The order made below was based upon a failure to observe the change in the New York act made by the above-cited statute of 1922. It is now the law (section 65) that "every provision in a conditional sale reserving property in the seller shall be void as to any * * * creditor of the buyer, who without notice of such provision * * * acquires by attachment or levy a lien upon them, before the contract * * * shall be filed."

The corresponding section in the act of 1909 made unrecorded conditional sales void only "as against subsequent purchasers, pledgees or mortgagees in good faith," and this court decided In re Remson Mfg. Co., 232 F. 594, 146 C. C. A. 552, when the state law so stood, and held that since the trustee at most, under section 47a of the Bankruptcy Act (Comp. St. § 9631), merely stood "in the shoes of an attaching creditor," his right could not prevail.

[3] But the present Sales Act makes the sale absolute in favor of any creditor who "acquires by attachment or levy a lien" before contract filed. And since a trustee under the Bankruptcy Act may "as to all property in the custody [of the court] be deemed vested with all the rights, remedies and powers of a creditor holding a lien * * * thereon," this trustee in bankruptcy falls exactly within the language of the state statute. In re Seward Dredging Co., 242 F. 225, 228, 155 C. C. A. 65.

It remains, however, to inquire whether under the state act the trustee, although a creditor and having a lien as by attachment upon these chattels, is a creditor "without notice of such provision" for retention of title in the vendor. No evidence was offered below on this point.

[4] It is to be observed that, since the goods were in the custody of the court below and of the trustee, the vendor was in the position of a plaintiff. The very existence of bankruptcy proceedings produced a pre-sumption of the strongest nature, that there were creditors, and by every principle of procedure the burden of proof lay upon the man seeking reclamation to show that he came within the statutory provision of notice. We perceive no difference between one who demands property at the hands of the trustee in the way Benerofe did and any other petitioner in reclamation; it is his duty to bear the burden of proof.

Let it be assumed that, if all the creditors of this bankrupt knew that this sale was conditional, the petition below should prevail, it remains true that the trustee has the right of any creditor, and the burden is on the conditional vendor to prove no creditor was without notice. No effort was made to make this proof.

The general rule, with copious citations, is given in Remington (3d Ed) vol. 4, § 1578, to the effect that, where filing of conditional sale contracts is required by statute to preserve rights as against creditors, unfiled agreements are void against the trustee in bankruptcy, and In re Bazemore (D. C.) 189 F. 237, 239, is express authority for holding, as we do, that the burden of proof was on petitioner below, to show notice.

Order reversed, with costs.

HAND, Circuit Judge (concurring). I agree that the case should be reversed, because it was clearly tried under a misunderstanding of the statute, and because the point as to burden of proof was not raised in season, but it seems to me that the burden of proof should be upon the trustee. Prima facie, the conditional seller shows title, though it is void by statute against a creditor who attaches without notice, if the bill of sale is not filed. Such a statute seems to me to create a defense altogether analogous to that of a bona fide purchase. So far as I know, that has always been held to be matter which must be proved affirmatively. Perhaps, if the trustee shows that any creditor was without notice, the sale may be void as to all, but it does seem to me that he must show at least as much as that. Under the rule laid down by my brothers, unless the conditional seller shows that all the creditors had notice, he loses, and it will usually be impossible in practice for him to prove so much. Judge Kennedy seems to me to have stated the correct rule in this respect in Re Douglas Lumber Co. (D. C.) 3 Am. Bankr. Rep. (N. S.) 67, 2 F. (2d) 985.